1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 6/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN R. HIMMELBERGER,    )         No. C 98-20929 RMW (PR)
                            )
                            )         PARTIAL DISMISSAL ORDER;
            Plaintiff,      )         ORDER OF SERVICE;
                            )         DIRECTING DEFENDANTS TO
     vs.                    )         FILE DISPOSITIVE MOTION
                            )         OR NOTICE REGARDING
                            )         SUCH MOTION; DIRECTING
DANIEL VASQUES, et al.,     )         PLAINTIFF TO SUBMIT
                            )         NOTICE OF INTENT TO
                            )         PROSECUTE
            Defendants.     )
_____ )

       Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to

42 U.S.C. § 1983.  Thereafter, plaintiff filed an amended complaint and a second amended

complaint.  The court dismissed this action for plaintiff's failure to pay the initial filing fee to

comply with the court's in forma pauperis order.  Plaintiff appealed this court's dismissal order.

In a memorandum opinion filed on August 19, 2003, the Ninth Circuit reversed, remanded the

case and concluded that the court should have warned plaintiff before dismissing the case for

failure to pay the initial filing fee.

       The court now reviews the complaint pursuant to 28 U.S.C. §1915A, orders service of the

second amended complaint on the named defendants, and issues a scheduling order.  The court

notes that plaintiff has not communicated with the court since November 2005 and will direct

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.98\Himmelberger929srv          1

1   plaintiff to file a notice of intent to prosecute this action **within thirty (30) days** of the date this

2   order is filed.

3                                        **DISCUSSION**

4   **A.   Standard of Review**

5          Federal courts must engage in a preliminary screening of cases in which prisoners seek

6   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

7   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

8   that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

9   monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

10  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

11  699 (9th Cir. 1990).

12         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under

13  the color of state law committed a violation of a right secured by the Constitution or laws of the

14  United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

15  **B.   Plaintiff's Claims**

16         Having reviewed the second amended complaint and liberally construing plaintiff's

17  claims, the court finds that plaintiff has alleged the following cognizable claims under § 1983:

18  (1) due process claim under the Fourteenth Amendment concerning plaintiff being housed in

19  administrative segregation at the Santa Clara County jail for over twenty-four months from

20  February 1997 through April 1997 (claims one and three); (2) equal protection claim under the

21  Fourteenth Amendment based on defendants discriminatory treatment of plaintiff by placing him

22  in administrative segregation for over twenty-four months (claim five); (3) excessive force and

23  harassment claim under the Fourteenth Amendment based upon defendant Ramirez's attack and

24  harassment of plaintiff on June 27, 1998 (claim seven); (4) due process claim under the

25  Fourteenth Amendment based upon defendant Sovalya's and Levine's inadequate medical care

26  and treatment of plaintiff (claims nine and ten); and (5) due process claim under the Fourteenth

27  Amendment and Sixth Amendment claim for defendants' denial of access to the courts and

28

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.98\Himmelberger929srv        2

denial of legal materials for plaintiff to file legal pleadings in his pending criminal and civil cases (claim twelve).

### 1. State Law Claims

Plaintiff alleges state law tort claims of negligence, assault, battery, and intentional torts based upon defendants' conduct in the second amended complaint. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, plaintiff's allegations satisfy the statutory requirement. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claims.

### 2. Doe Defendants

Plaintiff names defendant "Does" in the second amended complaint. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against defendant "Does" are dismissed from this action without prejudice. Should plaintiff learn defendant "Does" identities, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### CONCLUSION

1.      Plaintiff's claims against defendant "Does" are dismissed from this action without prejudice and with leave to amend.

2.      The court notes that plaintiff has not communicated with the court since November 2005. Accordingly, it is in the interests of justice and judicial efficiency for the court to establish plaintiff's current address and whether he intends to continue to prosecute this action. Plaintiff shall file with the court a notice of his current address and a notice of intent to prosecute

1 **within thirty days** of the date of this order.  Failure to do so will result in the dismissal of this

2 action for failure to prosecute pursuant to Rule 41(b).  See <u>Malone v. United States Postal Serv.</u>,

3 833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before

4 dismissing for failure to prosecute).

5        3.     The clerk of the court shall issue summons and the United States Marshal shall

6 serve, without prepayment of fees, a copy of the <u>second amended complaint</u> in this matter

7 (docket no. 11), all attachments thereto, and a copy of this order upon the following defendants:

8 **Daniel Vasques, Robert Bravo, Timothy Ryan, Lieutenant Cerrono, Lieutenant Simpson,**

9 **Lieutenant Santiago, Lieutenant Dixon, Sergeant Sepulveda, Correctional Officer Gram,**

10 **Correctional Officer Bruno, Correctional Officer V. Fakee, Correctional Officer Gonzales,**

11 **Correctional Officer Ramirez, Dr. Solvalya, Dr. Levine at the Santa Clara County**

12 **Department of Corrections.**  The clerk shall also serve a courtesy copy of the second amended

13 complaint and a copy of this order on the Santa Clara County Counsel's Office.

14        4.     No later than **sixty (60) days** from the date this order is filed, defendants shall file

15 a motion for summary judgment or other dispositive motion with respect to the claims in the

16 complaint as set forth above.

17             a.     If defendants elect to file a motion to dismiss on the grounds that plaintiff

18 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

19 defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315

20 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

21             b.     **<u>If any defendant is of the opinion that this case cannot be resolved by</u>**

22 **<u>summary judgment, he shall so inform the court prior to the date the summary judgment</u>**

23 **<u>motion is due.</u>**

24        5.     Plaintiff's opposition to the dispositive motion shall be filed with the court and

25 served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

26             a.     In the event defendants file an unenumerated motion to dismiss under Rule

27

28

1   12(b), plaintiff is hereby cautioned as follows:[1]

2          _____ The defendants have made a motion to dismiss pursuant to Rule 12(b) of
    the Federal Rules of Civil Procedure, on the ground you have not exhausted your
3   administrative remedies.  The motion will, if granted, result in the dismissal of
    your case.  When a party you are suing makes a motion to dismiss for failure to
4   exhaust, and that motion is properly supported by declarations (or other sworn
    testimony) and/or documents, you may not simply rely on what your complaint
5   says.  Instead, you must set out specific facts in declarations, depositions, answers
    to interrogatories, or documents, that contradict the facts shown in the defendant's
6   declarations and documents and show that you have in fact exhausted your claims.
    If you do not submit your own evidence in opposition, the motion to dismiss, if
7   appropriate, may be granted and the case dismissed.

8          b.      In the event defendants file a motion for summary judgment, the

9   Ninth Circuit has held that the following notice should be given to plaintiffs:

10         The defendants have made a motion for summary  judgment by which they
    seek to have your case dismissed.  A motion for summary judgment under Rule 56
11  of the Federal Rules of Civil Procedure will, if granted, end your case.
           Rule 56 tells you what you must do in order to oppose a motion for
12  summary judgment.  Generally, summary judgment must be granted when there is
    no genuine issue of material fact--that is,  if there is no real dispute about any fact
13  that would affect the result of your case, the party who asked for summary
    judgment is entitled to judgment as a matter of law, which will end your case.
14  When a party you are suing makes a motion for summary judgment that is
    properly supported by declarations (or other sworn testimony), you cannot simply
15  rely on what your complaint says.  Instead, you must set out specific facts in
    declarations, depositions, answers to interrogatories, or authenticated documents,
16  as provided in Rule 56(e), that contradict the facts shown in the defendants'
    declarations and documents and show that there is a genuine issue of material fact
17  for trial.  If you do not submit your own evidence in opposition, summary
    judgment, if appropriate, may be entered against you.  If summary judgment is
18  granted in favor of defendants, your case will be dismissed and there will be no
    trial.

19
20  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

21  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

22  (1986) (holding party opposing summary judgment must come forward with evidence showing

23  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

24  failure to file an opposition to defendants' motion for summary judgment may be deemed to be a

25  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

26  _____

27       [1]The following notice is adapted from the summary judgment notice to be given to pro se
    prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See
28  Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.98\Himmelberger929srv          5

1   without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v.

2   Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

3         6.      Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

4   opposition is filed.

5         7.      The motion shall be deemed submitted as of the date the reply brief is due.  No

6   hearing will be held on the motion unless the court so orders at a later date.

7         8.      All communications by the plaintiff with the court must be served on defendants,

8   or defendants' counsel once counsel has been designated, by mailing a true copy of the document

9   to defendants or defendants' counsel.

10        9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11  No further court order is required before the parties may conduct discovery.

12        For plaintiff's information, the proper manner of promulgating discovery is to send

13  demands for documents or interrogatories (questions asking for specific, factual responses)

14  directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

15  matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

16  Discovery may be further limited by court order if "(I) the discovery sought is unreasonably

17  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

18  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

19  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

20  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply

21  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to

22  his benefit to wait until defendants have filed a dispositive motion which could include some or

23  all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered by

24  the court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule

25  37-1 has been satisfied.  Because plaintiff is incarcerated, he is not required to meet and confer

26  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

27  motion to compel he must send a letter to defendants to that effect, offering them one last

28

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.98\Himmelberger929srv       6

1    opportunity to provide him with the sought-after information.

2          10.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

3    and all parties informed of any change of address and must comply with the court's orders in a

4    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

5    pursuant to Federal Rule of Civil Procedure 41(b).

6          IT IS SO ORDERED.

7    DATED: _____5/23/08_____                    _Ronald M. Whyte_____

8                                                   RONALD M. WHYTE
                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Submit Notice of Intent to Prosecute
P:\pro-se\sj.rmw\cr.98\Himmelberger929srv                    7