1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 10/15/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTIN R. HIMMELBERGER, | ) | No. C 98-20929 RMW (PR) |
| | ) | |
| | ) | FURTHER SCHEDULING ORDER |
| Plaintiff, | ) | DIRECTING DEFENDANTS TO |
| | ) | FILE DISPOSITIVE MOTION OR |
| vs. | ) | NOTICE REGARDING SUCH |
| | ) | MOTION; DIRECTING PLAINTIFF |
| | ) | PROVIDE LOCATION |
| DANIEL VASQUES, et al., | ) | INFORMATION FOR UNSERVED |
| | ) | DEFENDANTS |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983.  After reviewing plaintiff's second amended complaint, on June 3, 2008, the court dismissed defendant "Does" and otherwise ordered service on the named defendants.  On August 20, 2008, the clerk issued the summons on all fifteen named defendants.  To date, the Marshal has returned three executed summons and twelve unexecuted summons.  The court orders served defendants to file a dispositive motion or notice regarding such motion, and further orders plaintiff to locate and provide additional information for the unserved defendants.

**DISCUSSION**

1.   Served Defendants

The United States Marshal served defendants Sergeant Sepulveda, Correctional Officer Bruno, and Lieutenant Simpson.  On September 4, 2008, the summons were returned executed.

1   In the court's June 3, 2008 order, defendants were ordered to file a dispositive motion or notice

2   of such within 60 days of that order.  To date, none of these defendants have filed an answer, a

3   motion for extension of time, or any dispositive motion with the court.  Accordingly, the court

4   will issue a further scheduling order to file an answer, motion for summary judgment, or other

5   dispositive motion within **forty-five days** from the date this order is filed.

6   2.   <u>Unserved Defendants</u>

7       The United States Marshal attempted service upon the remaining defendants: Daniel

8   Vasques, Robert Bravo, Timothy Ryan, Lieutenant Cerrono, Lieutenant Santiago, Lieutenant

9   Dixon, Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer

10   Gonzales, Correctional Officer Ramirez, Dr. Solvalya, and Dr. Levine at the Santa Clara County

11   Department of Corrections because that is where plaintiff indicated they were located.  As to

12   everyone but Dr. Solvalya and Dr. Levin, the summonses were returned unexecuted because they

13   were unknown at the facility.  As to Dr. Solvalya and Dr. Levine, the summonses were returned

14   unexecuted because they are no longer at the facility.

15       Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a

16   showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants.

17   <u>See</u> Fed. R. Civ. P. 4(m).  In cases wherein the plaintiff proceeds in forma pauperis, the "officers

18   of the court shall issue and serve all process."  28 U.S.C. 1915(d).  The court must appoint the

19   Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court,

20   must serve the summons and the complaint, <u>see</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir.

21   1994), <u>overruled on other grounds by</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).  Although a

22   plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the

23   Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather,

24   "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to

25   remedy any apparent defects of which [he] has knowledge."  <u>Rochon v. Dawson</u>, 828 F.2d 1107,

26   1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own,

27   for example, because plaintiff failed to provide sufficient information or because the defendant is

28

1  not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation

2  or face dismissal.  See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison

3  official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided

4  marshal with sufficient information to serve official or that he requested that official be served).

5       Because plaintiff has not served the remaining defendants, nor has he provided sufficient

6  information to allow the Marshal to locate and serve them, plaintiff must remedy the situation or

7  face dismissal of his claims against said defendant without prejudice.  See Walker, 14 F.3d at

8  1421-22.  Accordingly, plaintiff must either himself effect service on defendants Daniel

9  Vasques, Robert Bravo, Timothy Ryan, Lieutenant Cerrono, Lieutenant Santiago, Lieutenant

10  Dixon, Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer

11  Gonzales, Correctional Officer Ramirez, Dr. Solvalya and Dr. Levine or provide the court with

12  their accurate and current location such that the Marshal is able to effect service upon them.

13  Failure to do so within **thirty days** of the date this order is filed will result in the dismissal of the

14  claims against those defendants.

### CONCLUSION

16       For the foregoing reasons, the court hereby orders as follows:

17       1.    No later than **forty-five days** from the date of this order, defendants Sergeant

18  Sepulveda, Correctional Officer Bruno, and Lieutenant Simpson shall file an answer and a

19  motion for summary judgment or other dispositive motion, or notify the court that they are of the

20  opinion that this case cannot be resolved by such a motion. **Defendants failure to file an**

21  **answer and a dispositive motion, or notice why such motion is not appropriate in this case,**

22  **within forty-five days will result in the court entering a default judgment against**

23  **defendants.**

24       a.    Any motion for summary judgment shall be supported by adequate factual

25  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

26  Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**

27  **immunity found, if material facts are in dispute.  If any defendant is of the opinion that this**

28

1  **case cannot be resolved by summary judgment, he shall so inform the court prior to the**

2  **date the summary judgment motion is due.**

3                b.      Plaintiff's opposition to the dispositive motion shall be filed with the court

4  and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

5  The Ninth Circuit has held that the following notice should be given to plaintiffs:

6          The defendants have made a motion for summary judgment by which

7  they seek to have your case dismissed. A motion for summary judgment under
    Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

8          Rule 56 tells you what you must do in order to oppose a motion for
summary judgment. Generally, summary judgment must be granted where there is

9  no genuine issue of material fact--that is, if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary

10  judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is

11  properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says. Instead, you must set out specific facts in

12  declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'

13  declarations and documents and show that there is a genuine issue of material fact
for trial. If you do not submit your own evidence in opposition, summary

14  judgment, if appropriate, may be entered against you. If summary judgment is
granted in favor of defendants, your case will be dismissed and there will be no

15  trial.

16  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

17  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

18  (1986) (holding party opposing summary judgment must come forward with evidence showing

19  triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

20  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

21  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

22  without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

23  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

24                c.      Defendants shall file a reply brief no later than **fifteen (15) days** after

25  plaintiff's opposition is filed.

26                d.      The motion shall be deemed submitted as of the date the reply brief is due.

27  No hearing will be held on the motion unless the court so orders at a later date.

28

3.       Plaintiff must provide the court with accurate and current location information for defendants Daniel Vasques, Robert Bravo, Timothy Ryan, Lieutenant Cerrono, Lieutenant Santiago, Lieutenant Dixon, Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer Gonzales, Correctional Officer Ramirez, and Dr. Solvalya and Dr. Levine such that the Marshal is able to effect service upon them.  <u>If plaintiff fails to provide the court with the accurate and current locations, within **thirty (30) days** of the date this order is filed, plaintiff's claims against defendants Daniel Vasques, Robert Bravo, Timothy Ryan, Lieutenant Cerrono, Lieutenant Santiago, Lieutenant Dixon, Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer Gonzales, Correctional Officer Ramirez, and Dr. Solvalya and Dr. Levine will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the dismissal will be without prejudice to plaintiff refiling his complaint with such information.</u>

4.  All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendants' counsel.

5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and the parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED:  __10/10/08__

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge