***E-FILED - 2/12/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRISTIN R. HIMMELBERGER, | ) | No. C 98-20929 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING CLERK TO RE-ISSUE SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL VASQUES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2008, the court ordered plaintiff to locate and provide additional information for the unserved defendants. Based on the information recently provided by plaintiff, the Court will order the clerk to reissue summons to defendants Levine, Serrano, Ramirez, Vasquez, Bravo, Ryan, Santiago, Dixon, Gram, Fakee, and Gonzales.

It is hereby ordered as follows:

1. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (docket no. 11), all attachments thereto, a copy of the Court's order filed June 3, 2008 (docket no. 31), and a copy of this order to the unserved defendants at the following addresses: **Daniel Vasques, Robert Bravo, Timothy Ryan, Lieutenant V. Serrano, Lieutenant Santiago, Lieutenant Dixon,**

1  **Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer Gonzales -**
2  **- Badge No. 2199, Correctional Officer Ramirez** at the **Sheriff's Office, 55 Younger Street,**
3  **San Jose, CA; Lieutenant V. Serrano** at **Santa Clara County Jail, 180 West Hedding St.,**
4  **San Jose, CA;** and **Dr. Levine** and **Dr. Solvaya** at **Santa Clara Valley Health and Hospital,**
5  **Medical Staff Office, 751 S. Bascom, San Jose, CA** and at **Santa Clara Valley Medical**
6  **Center, Human Resources, 2325 Enborg Lane, 1st Floor, IH-105, San Jose, CA.**

7      The clerk shall also mail courtesy copies of the complaint, a copy of the court's June 3,
8  2008 order, and this order to the California Attorney General's Office.

9      2.    In order to expedite the resolution of this case;

10     a.    Defendants shall, within **sixty (60) days** from the date they are
11 served with the complaint, file a motion for summary judgment or other dispositive motion, or
12 shall notify the Court that they are of the opinion that this case cannot be resolved by such a
13 motion. The motion shall be supported by adequate factual documentation and shall conform in
14 all respects to Federal Rule of Civil Procedure 56.

15     Defendants are advised that summary judgment cannot be granted, nor qualified
16 immunity found, if material facts are in dispute. If defendants are of the opinion that this case
17 cannot be resolved by summary judgment, they shall so inform the Court prior to the date the
18 summary judgment motion is due.

19     All papers filed with the Court shall be served promptly on plaintiff.

20     b. Plaintiff's opposition to the dispositive motion shall be filed with the Court
21 and served on defendants' counsel not later than **thirty (30) days** from the date defendants'
22 motion is filed. The Ninth Circuit has held that the following notice should be given to pro se
23 plaintiffs:

24     The defendants have made a motion for summary judgment by which they seek
25     to have your case dismissed. A motion for summary judgment under Rule 56 of
    the Federal Rules of Civil Procedure will, if granted, end your case.

26     Rule 56 tells you what you must do in order to oppose a motion for summary
27     judgment. Generally, summary judgment must be granted when there is no
    genuine issue of material fact--that is, if there is no real dispute about any fact
    that would affect the result of your case, the party who asked for summary
28     judgment is entitled to judgment as a matter of law, which will end your case.

Order Directing Clerk to Re-Issue Summons
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929reissue.wpd     2

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

    c. Defendants may file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. <u>See</u> Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." <u>See</u> Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less

1  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
2  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
3  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
4  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
5  to his benefit to wait until defendants have filed a dispositive motion which could include some
6  or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
7  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
8  Rule 37-1 has been satisfied.  Because plaintiff is incarcerated he is not required to meet and
9  confer with defendants in person.  Rather, if his discovery requests are denied and he intends to
10 file a motion to compel, he must send a letter to defendants to that effect, offering them one last
11 opportunity to provide him with the information sought.

12     4.   All communications by plaintiff with the Court must be served on
13 defendants' counsel once counsel has been designated, by mailing a true copy of the document to
14 defendants' counsel.

15     5.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must
16 keep the Court and the parties informed of any change of address and must comply with the
17 Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
18 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

19     IT IS SO ORDERED.
20 DATED:  2/10/09                              *Ronald M. Whyte*
21                                              RONALD M. WHYTE
                                                 United States District Judge

Order Directing Clerk to Re-Issue Summons
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929reissue.wpd   4