1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 4/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTIN R. HIMMELBERGER,          )          No. C 98-20929 RMW (PR)
                                  )
                    Plaintiff,    )          ORDER DISMISSING THE
                                  )          ACTION AS TO ELEVEN
    vs.                           )          DEFENDANTS AND
                                  )          ADDRESSING PENDING
                                  )          MOTIONS
DANIEL VASQUES, et al.,           )          (Docket Nos. 103, 105, 107, 108)
                                  )
                    Defendants.   )
_____    )

        Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights action

pursuant to 42 U.S.C. § 1983.  Following an initial review of the complaint, the court

ordered the United States marshal to serve the complaint on all fifteen named defendants.

The marshal attempted service, but was unable to serve twelve of the fifteen defendants.

On October 15, 2008, the court ordered plaintiff to either provide the correct location of

the unserved defendants or they would be dismissed without prejudice under Federal Rule

of Civil Procedure 4(m).  After receiving an extension of time to locate unserved

defendants, plaintiff has provided the court with new locations of several defendants.

Pursuant to this information, the court ordered the marshal to attempt service again.  The

marshal has done so, but all unserved defendants, except defendant Ramirez, were either

Order Granting Plaintiff's Ex Parte Application for an Extension of Time to File an Opposition to Defendants' Motion for
Summary Judgment and Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.second.eot-opp-msj.wpd   1

deceased or otherwise not at the location provided.[1]

As plaintiff is incarcerated and proceeding *in forma pauperis*, he may rely on service by the marshal.  However, he is not entitled to "remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own, *e.g.*, because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal under Rule 4(m).  *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *overruled on other grounds*, *Sandin v. Connor*, 515 U.S. 472 (1995).  Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court may dismiss the action without prejudice against that defendant.

Plaintiff's complaint against the eleven unserved defendants has been pending for much longer than the 120-day period allowed by Rule 4(m).  Plaintiff has been advised of the defects in service and admonished that his failure to remedy them would result in dismissal of the claims against these defendants.  Nevertheless, plaintiff has failed to provide sufficient information to locate these eleven defendants.  Accordingly, the claims against defendants Daniel Vasques, Robert Bravo, Timothy Ryan, Lieutenant V. Serrano, Lieutenant Santiago, Lieutenant Dixon, Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer Gonzales -- Badge No. 2199, Dr. Levine, and Dr. Solvaya are DISMISSED WITHOUT PREJUDICE.

On December 5, 2008, the three served defendants filed a motion for summary judgment.  Plaintiff has requested an extension of time to file his response to defendants' motion, which the court granted.  On March 11, 2009, plaintiff filed a second application

---

[1] On March 11, 2009, plaintiff filed a motion to correct address for service of summons on defendant Ramirez, badge no. 2199.  Because the court has already directed the marshal to serve defendant Ramirez at that location, plaintiff's motion is DENIED as moot.

for an extension of time, asking for additional sixty days. Plaintiff explains his need for additional time as follows: (1) he was precluded from accessing the law library and making copies for six days in February; (2) defendants have failed to fully comply with his discovery requests; and (3) plaintiff needs to conduct written depositions of nine non-party prisoners. Defendants object to plaintiff's request on the grounds that plaintiff has had ample opportunity to develop his case and that they have fully complied with plaintiff's discovery requests to the extent they were in possession of the requested records. Because this is plaintiff's second request for an extension of time and the delay in his preparation of the response was partially due to circumstances beyond his control, the court GRANTS plaintiff's request and OVERRULES defendant's objection. Plaintiff shall file his opposition to defendants' motion for summary judgment no later than May 11, 2009. However, plaintiff is warned that **no further extensions will be granted except under the most compelling circumstances.**

Plaintiff also asks the court to authorize written depositions of nine non-party prisoners. The scope of discovery in civil cases is limited to matters "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be limited further by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit...." *See* Fed. R. Civ. P. 26(b)(2)(C). Plaintiff fails to specify why the depositions of these non-party prisoners are necessary, how the information sought relates to issues in this case, or why it cannot be obtained by less burdensome means. The witnesses' relevancy is not obvious from the record in this case. Furthermore, plaintiff has not informed the court why he waited until this late of a date to ask to depose these witnesses. Accordingly, the court DENIES plaintiff's motion for an order authorizing written depositions.

**CONCLUSION**

In light of the foregoing, the court orders as follows:

1.      Plaintiff's claims against defendants Daniel Vasques, Robert Bravo, Timothy Ryan, Lieutenant V. Serrano, Lieutenant Santiago, Lieutenant Dixon, Correctional Officer Gram, Correctional Officer V. Fakee, Correctional Officer Gonzales -- Badge No. 2199, Dr. Levine, and Dr. Solvaya are DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m).

2.      Plaintiff's ex parte application for an extension of time to file an opposition to defendants' motion for summary judgment (docket no. 105) is GRANTED, and defendants' objection to it (docket no. 108) is OVERRULED.  Plaintiff's opposition shall be filed with the court and served upon defendants no later than **May 11, 2009.**  Because plaintiff is facing the possible termination of his action by way of summary judgment, this court again provides him with the following notice pertaining to summary judgment and the consequences of such a motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declaration (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F. 3d 952, 963 (9th Cir. 1998) (en banc).

3.      If defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** from the date they are served with plaintiff's opposition.

1    4.    The motion for summary judgment shall be deemed submitted as of the date

2  the reply brief is due.  No hearing will be held on the motion unless the court so orders at

3  a later date.

4    5.    Plaintiff's motion to correct address for service of summons on defendant

5  Ramirez, badge no. 2199 (docket no. 107) is DENIED AS MOOT.  The court has already

6  directed the marshal to serve defendant Ramirez at that location.

7    6.    Plaintiff's motion for an order authorizing a written deposition of a non-

8  party prisoner (docket no. 103) is DENIED.

9    This order terminates docket nos. 103, 105, 107, and 108.

10    IT IS SO ORDERED.

11  DATED: __4/14/09_____

12    RONALD M. WHYTE
      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Plaintiff's Ex Parte Application for an Extension of Time to File an Opposition to Defendants' Motion for
Summary Judgment and Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.second.eot-opp-msj.wpd 5