*E-FILED - 9/22/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN R. HIMMELBERGER, | No. C 98-20929 RMW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| DANIEL VASQUES, et al., | (Docket No. 124) |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Defendant Ramirez moves for summary judgment, arguing that he is not the intended defendant named in plaintiff's second amended complaint. Plaintiff has filed an opposition. Having carefully considered the papers submitted, the court hereby GRANTS defendant's motion for summary judgment for the reasons set out below.

**BACKGROUND**

On or around June 26, 1998, Correctional Officer Ramirez sexually harassed plaintiff during an attempt to conduct a strip search. (Second Amended Complaint ("SAC"), p. 9.) On June 27, 1998, plaintiff again refused a strip search conducted by Officer Ramirez. (Id. at 9-10.) At around 10:20 a.m. on June 27, 1998, plaintiff's cell door opened and he saw Officer Ramirez standing downstairs with chains in his hands. (Id. at 10.) Plaintiff closed his door and did not exit his cell because he believed Officer Ramirez was going to assault him. (Id.) Officer

1  Ramirez entered his room and ordered plaintiff to turn around. (Id. at 10-11.) After plaintiff
2  refused, Officer Ramirez assaulted him. (Id. at 11.) As Officer Ramirez was escorting plaintiff
3  to a holding cell, Officer Ramirez harassed plaintiff and tried to break plaintiff's wrists by
4  twisting his arm. (Id.)

## DISCUSSION

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to

1  make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp
2  v. Catrett, 477 U.S. at 323.
3  B.     Analysis
4      Defendant Ramirez asserts that he is entitled to summary judgment as a matter of law
5  because he is not the "Officer Ramirez" who is the subject of plaintiff's SAC.[1] Further,
6  defendant asserts that the undisputed facts show that he was not involved in nor present at the
7  time of the alleged incidents.
8      In opposition, plaintiff argues, "If defendant Don Ramirez is not the defendant named in
9  the complaint, he lacks standing to bring a Motion for Summary Judgment. The appropriate
10 course of action is a Motion to Quash Service." The court is unmoved by both of plaintiff's
11 arguments.[2]
12     In his motion for summary judgment, defendant asserts that he has been employed by the
13 Department of Corrections since May 1, 1995, and his badge number has always been 2199.
14 (Aff. Ramirez, p. 1.) Further, defendant states that he worked on the C Team night shift from
15 1996 through July 2006. (Id.) Defendant submits documentary evidence, alleging they are true
16 and correct copies of his personal calendar from June and July 1998, that demonstrate he was not
17 working on June 25, 1998, June 26, 1998, nor in the morning on June 27, 1998. (Id., Ex. C.)
18 The calendar indicates that defendant worked the night shift, beginning at 5:45 p.m. on June 23,
19 1998 and then did not work again until 5:45 p.m. on June 27, 1998. (Id. at 1 and Ex. C.) Finally,
20 defendant declares under penalty of perjury that he remembers plaintiff, but he was never the
21 subject of any of plaintiff's grievances nor was he ever accused of assaulting plaintiff. (Id. at 2.)

---

[1] Plaintiff's SAC does allege claims against "Defendant Ramirez No. 2400" (SAC, p. 27, 30) and possibly "Ramirez No. 2408" (SAC, p. 41.) On page 41 of plaintiff's SAC, it is unclear if the badge number written is "2400" or "2408." In any event, it is not "2199."

[2] The requirement of standing addresses only whether a litigant can "invoke the power of a federal court" to decide the merits of the dispute and is inapplicable here. Allen v. Wright, 468 U.S. 737, 750-51 (1984). Further, a motion to quash service pursuant to Rule 12(b)(5) is a proper action when a defendant is alleging that service of process was insufficient under Rule 4. See Fed. R. Civ. P. 12(b)(5). Such a motion is inappropriate where, as here, there is no challenge to the manner in which service was completed. See id.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.ramirez.msj.wpd    3

1  Plaintiff bears the burden at trial to prove his case.  However, there is no evidence on the
2 record to support plaintiff's allegation that the defendant here violated any of plaintiff's
3 constitutional rights as alleged in his SAC.  Plaintiff has not raised a triable issue of fact that the
4 defendant was involved in any assaultive behavior against plaintiff or was even present on the
5 dates the alleged incidents took place.  In his SAC, plaintiff does not name or accuse Ramirez,
6 Badge No. 2199, of any violation of his constitutional rights.  Plaintiff does not dispute
7 defendant's statements that defendant did not participate in the alleged assault.  In fact, plaintiff
8 fails to offer any evidence that the defendant Ramirez, Badge No. 2199, was even present on
9 June 26, 1998 or June 27, 1998, the dates plaintiff's allegations occurred.

10  Accordingly, defendant Ramirez, Badge No. 2199, is entitled to summary judgment as a
11 matter of law.

12  In addition, this is plaintiff's second amended complaint and the case has been pending
13 for approximately nine years since it was remanded from the Ninth Circuit.  The court ordered
14 service of the SAC on June 3, 2008.  On October 15, 2008, the court ordered plaintiff to locate
15 unserved defendants, including "Ramirez," and to provide the court with *accurate and current*
16 *identifying and location information* for these individuals, such that the Marshal would be able to
17 effect service upon them.  (Emphasis added.)  See Fed. R. Civ. P. 4(m).

18  On December 9, 2008, the court granted plaintiff an extension of time to locate unserved
19 defendants or face dismissal.  The court further cautioned plaintiff that, "[i]f plaintiff fails to
20 provide the court with the accurate and current locations, **on or before December 22, 2008**,
21 plaintiff's claims against defendant[s] . . . Correctional Officer Ramirez . . . will be dismissed
22 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the dismissal will be without
23 prejudice to plaintiff refiling his complaint with such information."

24  On December 29, 2008, plaintiff submitted a letter stating, "Defendant Ramirez Badge
25 Number is 2199.  His last known place of employment was the Santa Clara County Jail, located
26 at 180 West Hedding St, San Jose, Ca.  He may also be employed or located at the Sheriff's
27 Department, 55 Younger St. San Jose, CA."  (Docket no. 86.)  On February 26, 2009, the court
28

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.ramirez.msj.wpd    4

1  served defendant Ramirez at the Sherriff's Department on Younger Street.³  On March 11, 2009,
2  plaintiff again requested the Marshal serve defendant Ramirez, Badge No. 2199, at the Santa
3  Clara County Department of Corrections.  (Docket no. 107.)  On April 15, 2009, the court denied
4  that motion as moot, recognizing that the Marshall already attempted service on defendant
5  Ramirez at both addresses given by plaintiff.  On May 6, 2009, an executed summons for
6  defendant Ramirez, Badge No. 2199, was returned.

   To date, plaintiff has not provided the court with accurate information for "Correctional Officer Ramirez."  Accordingly, in accordance with Rule 4(m), the court DISMISSES defendant Ramirez.

## CONCLUSION

The court concludes that plaintiff has failed to raise a genuine issue of material fact as to the allegation that defendant Ramirez, Badge No. 2199, violated his constitutional rights. Accordingly, defendant's motion for summary judgment (docket no. 124) is GRANTED.  In addition, defendant Ramirez is DISMISSED from this action under Rule 4(m).  The clerk shall terminate any pending motions and close the case.

IT IS SO ORDERED.

DATED:  9/21/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

³ Because an unexecuted summons had been issued to defendant Ramirez at the Santa Clara Department of Corrections at West Hedding (docket no. 57), the court re-issued the summons to plaintiff's alternative address for defendant Ramirez at the Younger Street address.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.ramirez.msj.wpd                 5