1

2

3

4

5                                                                 *E-FILED - 9/22/09*

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KRISTIN R. HIMMELBERGER,          )        No. C 98-20929 RMW (PR)
                                       )
12                                     )        ORDER GRANTING
                         Plaintiff,    )        DEFENDANTS' MOTION FOR
13                                     )        SUMMARY JUDGMENT
        vs.                            )
14                                     )        (Docket Nos. 77, 80, 130, 131)
                                       )
15   DANIEL VASQUES, et al.,           )
                                       )
16                                     )
                         Defendants.   )
17   _____ )

18          Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights action

19   pursuant to 42 U.S.C. § 1983.  Defendants David Sepulveda, John Bruno, and Kimberly

20   Simpson moved for summary judgment, arguing, *inter alia*, that plaintiff's federal claims

21   were barred by collateral estoppel.  Plaintiff opposed the motion, and defendants filed a

22   reply.  Defendants also filed a request for judicial notice and a motion to correct

23   typographical errors in the declaration filed in support of the motion for summary

24   judgment.  Having carefully considered the papers submitted, the court hereby GRANTS

25   defendants' motion for summary judgment, GRANTS request for judicial notice,

26   GRANTS motion to correct declaration, and OVERRULES defendants' objection to

27   plaintiff's evidence for the reasons set out below.

28   ///

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.sepulveda.msj.wpd       1

1                                    **DISCUSSION**

2          Plaintiff asserts the following claims against Sepulveda, Bruno and Simpson: (1)

3  due process and equal protection claims under the Fourteenth Amendment based on

4  plaintiff's placement in the administrative segregation at the Santa Clara County jail from

5  January 1996 to February 1997 and from April 1997 to July 1998;[1] and (2) a claim for

6  intentional infliction of emotional distress under California state law.  Defendants argue

7  that plaintiff's federal claims claim are barred by collateral estoppel due to plaintiff's

8  previous unsuccessful state habeas claims with respect to the same issue of plaintiff's

9  housing.  Defs' MSJ at 7-9.

10         Collateral estoppel, alternatively known as issue preclusion, prevents relitigation

11  of "all issues of fact or law that were actually litigated and necessarily decided in a prior

12  proceeding against the party who seeks to relitigate the issues." *Hawkins v. Risley*, 984

13  F.2d 321, 325 (9th Cir. 1993), *quoting Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th

14  Cir. 1988).  Federal courts generally give preclusive effect to issues decided by state

15  courts.  *Allen v. McCurry*, 449 U.S. 91, 95-96 (1980).  As explained by the Supreme

16  Court, such preclusive effect derives from the common law, policies supporting collateral

17  estoppel and 28 U.S.C. § 1738 which provides that the "judicial proceedings [of any

18  State] . . . shall have the same full faith and credit in every court within the United States .

19  . . as they have by law or usage in the courts of such State . . . ." *Id.*

20         The Ninth Circuit has held that a decision rendered on an issue actually litigated in

21  state habeas proceedings may not later support a § 1983 claim where the state habeas

22  proceeding "afforded a full and fair opportunity for the issue to be heard and determined

23  under federal standards." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir.

24  1981), *cert. denied*, 454 U.S. 895 (1981).  This is true even though the relief available in

25  § 1983 cases is different than that available in habeas proceedings.  *Id.*; *see also Sperl v.*

26  *Deukmejian*, 642 F.2d 1154 (9th Cir. 1981) (where claim of prosecutorial misconduct was

27

28          [1] The court's previous order incorrectly identified the dates of plaintiff's housing.  *See*
Partial Dismissal Order at 2, issued on June 3, 2008; *see also* Complaint at 4.

1   tried and rejected in state habeas corpus proceedings, the doctrine of collateral estoppel

2   precluded reconsideration of the issue in a federal civil rights case).

3          Because federal courts must give state court judgments the same preclusive effect

4   as given by the state courts, state law applies to determine the preclusive effect of a state

5   habeas judgment.  *Palomar Mobile-home Park Ass'n v. City of San Marcos*, 989 F.2d

6   362, 364 (9th Cir. 1993).  California courts apply collateral estoppel if five threshold

7   requirements are met and application of preclusion furthers the public policies underlying

8   the doctrine.  *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001).  The threshold

9   requirements are as follows:

10          First, the issue sought to be precluded from relitigation must be identical to that
            decided in a former proceeding.  Second, this issue must have been actually
11          litigated in the former proceeding.  Third, it must have been necessarily decided in
            the former proceeding.  Fourth, the decision in the former proceeding must be final
12          and on the merits.  Finally, the party against whom preclusion is sought must be
            the same as, or in privity with, the party to the former proceeding.  The party
13          asserting collateral estoppel bears the burden of establishing these requirements.

14   *Id*. (internal citation and quotation marks omitted).  The public policies underlying

15   collateral estoppel are to promote judicial economy by minimizing repetitive litigation, to

16   prevent inconsistent judgments which undermine the integrity of the judicial system, and

17   to protect against vexatious litigation.  *California Physicians Service v. Aoki Diabetes*

18   *Research Institute*, 163 Cal.App.4th 1506, 1519 (2008).

19          On September 24, 1997, plaintiff filed a petition for writ of habeas corpus with the

20   Superior Court for the County of Santa Clara.  *See* Defs' Request for Judicial Notice

21   ("RJN"), Ex. 1.[2]   In the petition, plaintiff claimed that his placement in the administrative

22   segregation at the Santa Clara County jail following his arrest in 1996, and again

23   following his transfer from San Quentin in 1997, denied him due process rights.  *Id*.

24   Plaintiff argued that he was wrongfully denied a hearing, and that conditions in the

25   administrative segregation were punitive.  *Id*.  On October 23, 1997, the state court denied

26

27          [2]  Under Federal Rule of Evidence 201, this court grants defendants' request to take
28   judicial notice of certain Superior Court records, including plaintiff's habeas petitions and
     rulings on the petitions.  *See Biggs v. Terhune*, 334 F.3d 910, 915 n. 3 (9th Cir. 2003)
     ("[m]aterials from a proceeding in another tribunal are appropriate for judicial notice").

1  the petition.  *Id*., Ex. 2.  It concluded that plaintiff had not shown that his housing was

2  punitive or otherwise unlawful.  The records submitted by plaintiff established that

3  plaintiff's housing assignment had been reviewed and that the jail authorities had deemed

4  it proper, and plaintiff had not shown that the decision was erroneous.  *Id*.

5        On December 4, 1997, plaintiff again challenged his placement in the

6  administrative segregation by way of a petition for writ of habeas corpus filed in the same

7  court.  *Id*., Ex. 3.  In that petition, plaintiff again claimed that his housing violated his due

8  process rights.  He further elaborated that the jail authorities relied on the charges against

9  him and his affiliation with a white supremacy group in making their decision.  He

10  claimed that these factors did not support the decision.  He also claimed that he was not

11  treated equally with other inmates because inmates charged with murder as well as gang

12  members were housed in general population.  *Id*.  The Superior Court denied this petition

13  as well on December 19, 1997. Id., Ex. 4.  The court concluded that plaintiff's housing

14  was properly based on reasonable security concerns, and that plaintiff was not entitled to

15  a hearing because his housing placement was related to plaintiff's criminal history prior

16  to housing placement, rather than any disciplinary violation in the jail.  *Id*.  The superior

17  court's decisions were final decisions on the merits.

18        In the instant action, plaintiff alleges that his placement in the administrative

19  segregation at the Santa Clara County jail was in violation of his due process and equal

20  protection rights.  Complaint at 4-5 & claims 1, 3 & 5.  Plaintiff contends that conditions

21  at the administrative segregation unit were punitive.  *Id*. at 4-5.  Plaintiff further claims

22  that he was not treated equally because inmates with similar or more severe criminal

23  charges against them were housed in general population.  *Id*. at claim 1.  The issue before

24  this court is exactly the same issue as the one presented to the California Superior Court,

25  namely whether jail authorities violated plaintiff's equal protection and due process rights

26  by placing him in the administrative segregation.  Plaintiff's federal claims are also based

27  on the same facts as those alleged in the habeas petitions. After considering plaintiff's

28  petition and supporting materials, the state court twice determined there were no grounds

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.sepulveda.msj.wpd     4

1  on which to grant relief.  The record reveals that the issue of propriety of plaintiff's

2  housing was actually litigated and necessary to the state court's decisions whether to

3  grant habeas relief.  It is also clear that plaintiff, the party against whom preclusion is

4  asserted in this case, was a party to the habeas proceedings.  Finally, the public policies

5  underlying the doctrine of collateral estoppel support its application in the instant action.

6  Plaintiff argues that collateral estoppel does not apply because defendants Sepulveda,

7  Bruno and Simpson were not parties to the habeas proceedings.  Pl's Opp. at 3.  This,

8  however, is not one of the requirements for application of collateral estoppel.  *See In re*

9  *Harmon*, 250 F.3d at 1245.  Accordingly, plaintiff's due process and equal protection

10  claims based on his placement in the administrative segregation are barred under the

11  doctrine of collateral estoppel, and defendants' motion for summary judgment as to those

12  claims is granted.

13  　　　"When federal claims are dismissed before trial, the question whether pendent

14  state claims should still be entertained is within the sound discretion of the district court."

15  *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985) (per curiam).  Generally, dismissal

16  of federal claims before trial counsels that the pendent state claims should also be

17  dismissed.  *Id*.  Because the court dismisses plaintiff's federal claims against defendants

18  Sepulveda, Bruno and Simpson, the court will also dismiss pendent state claim of

19  intentional infliction of emotional distress against them.[3]

**CONCLUSION**

21  　　　In light of the foregoing, the court orders as follows:

22  　　　1.　　　Defendants Sepulveda, Bruno and Simpson's Motion for Summary

23  Judgment (docket no. 77) is GRANTED.  These defendants are dismissed from this

24  action.

25  　　　2.　　　Defendants Sepulveda, Bruno and Simpson's Request for Judicial Notice

26

27  　　　[3] The only remaining defendant in this action is Don Ramirez.  The claim against him is
excessive force and harassment under the Fourteenth Amendment.  *See* Partial Dismissal Order,

28  entered on June 3, 2008, at 2.  Ramirez filed a separate motion for summary judgment.  *See*
Docket No. 124.  The court will address that motion in a separate order, once the motion is fully
briefed.

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.sepulveda.msj.wpd        5

1  (docket no. 80) is GRANTED.

2       3.       Defendants Sepulveda, Bruno and Simpson's Objection to Plaintiff's

3  Evidence (docket no. 130) is OVERRULED.  The court did not rely on that evidence in

4  its ruling.

5       4.       Defendants Sepulveda, Bruno and Simpson's Motion to Correct

6  Typographical Errors in Declaration (docket no. 131) is GRANTED.

7       IT IS SO ORDERED.

8  DATED:  __9/21/09_____

*Ronald M. Whyte*

9  RONALD M. WHYTE
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.98\Himmelberger929.sepulveda.msj.wpd      6